IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

WESLEY JAMES GARRETT,

                Plaintiff,                         No. 3:11-cv-788-HZ

     v.

NEW HAMPSHIRE INSURANCE               OPINION & ORDER
COMPANY, a division of CHARTIS, INC.,

                Defendant.

Stephen C. Hendricks
HENDRICKS LAW FIRM, P.C.
1425 S.W. 20th Avenue, Ste 201
Portland, Oregon 97201

       Attorney for Plaintiff

Donald J. Verfurth
GORDON & REES LLP
701 5th Avenue, Suite 2100
Seattle, Washington 98104

       Attorney for Defendant

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiff Wesley James Garrett brings a "statutory insurance claim" against defendant New Hampshire Insurance Company, pursuant to Oregon Revised Statute § (O.R.S.) 742.031. Plaintiff seeks payment of a judgment plaintiff obtained against Stanley Christopher Baller as a result of injuries plaintiff suffered in an accident which occurred while plaintiff was a passenger in a truck driven by Baller and owned by Warrenton Fiber Company.  At the time of the accident, both plaintiff and Baller worked for Warrenton Fiber, defendant's insured.  Plaintiff moves to add Warrenton Fiber as a defendant and to file a third-party complaint against Warrenton Fiber.  I deny the motion.

DISCUSSION

In his Amended Complaint, plaintiff contends that defendant insured the 2006 Ford F-350 pickup truck at the time of the accident under a commercial auto policy and an excess umbrella policy.  Am. Comp. at ¶¶ 1, 2.  Baller was a "permissive" driver under the insurance policies and therefore, was an "insured" under the policies.  Id. at ¶ 3.  Plaintiff sued Baller in state court, and obtained a default judgment against Baller in the amount of $1,865,120.  Id. at ¶¶ 6-10.  Plaintiff alleges that defendant, under the insurance policies issued to Warrenton Fiber, must pay Baller's legal obligation to plaintiff.  Id. at ¶ 11.  See O.R.S. 742.031 (requiring that certain insurance policies must contain a provision allowing, in certain situations, injured person who has obtained final judgment against the insured but is prevented from executing that judgment as a result of bankruptcy, insolvency, or other cause, to proceed against the insurer to recover the judgment). In response to the Amended Complaint, defendant raises more than twenty-five affirmative defenses, including that (1) the claim is barred  by the policies' terms, conditions, exclusions, and

2 - OPINION & ORDER

endorsements which preclude coverage; and (2) the "Fellow Employee" exclusion applies to preclude coverage to an insured.  Answer to Am. Comp. at pp. 4-6.

Plaintiff filed this case in June 2011 in state court.  Ex. A to Notice of Removal. Defendant removed the case to this Court, based on diversity jurisdiction.   Notice of Removal at p. 2 .  On August 17, 2011, I granted the parties' motion to extend deadlines and set a deadline for the close of discovery for November 23, 2011, and a dispositive motion deadline (for coverage issues only), for December 23, 2011.

Both parties have filed a motion for summary judgment on coverage issues.  Oral argument on those motions is set for February 24, 2012.  In its summary judgment motion, defendant argues, inter alia, that it is entitled to summary judgment based on the "fellow employee" exclusions contained in the insurance policies.  Those provisions exclude payment for bodily injury to "any fellow 'employee' of the 'insured' arising out of and in the course of the follow 'employee's' employment or while performing duties related to the conduct of your business," Ex. 2 to Donald Verfurth Decl. in Sup. of MSJ at p. 5 (Business Auto Policy), or for the "[l]iability of any employee with respect to Bodily Injury or Personal Injury to another employee of the same employer injured in the course of such employment[.]"  Ex. 3 to Donald Verfurth Decl. in Sup. of MSJ at p.11 (Umbrella Policy).

Plaintiff intends to bring a wage claim against Warrenton Fiber.  Plaintiff contends that defendant's assertion of the fellow employee exclusion, which involves a determination of whether plaintiff's injury arose out of and in the course of his employment, or in the course of his employment, presents a question of law and fact which is common to his wage claim.  Plaintiff, whose injuries occurred while being transported to the work logging site, contends that

3 - OPINION & ORDER

Warrenton Fiber owes him wages for the time spent being transported.  He argues that the "arose

out of and in the course of," and "in the course of" determinations required for application of the

fellow employee exclusions, is the same determination that must be made in his wage claim.

Thus, he contends that Warrenton Fiber must be joined in his lawsuit against defendant.

In support of his motion, plaintiff relies on Federal Rules of Civil Procedure 14(b)

regarding third-party practice, and Federal Rule of Civil Procedure 20(a)(2) regarding permissive

joinder.  By its terms, Rule 14(b) does not apply because it allows a plaintiff to bring in a third

party only when a claim has already been asserted against the plaintiff.  Fed. R. Civ. P. 14(b);

Queen v. Hard Rock Hotel and Casino, No. 2:11–CV–00279–RLH, 2011 WL 6753011, at *1 (D.

Nev. Dec. 22, 2011) (for Rule 14(b) to apply, the defendant must have asserted a counterclaim

against the plaintiff).

Under Rule 20(a)(2), a defendant may be joined in an action with another defendant if:

(A) any right to relief is asserted against them jointly, severally, or in the
alternative with respect to or arising out of the same transaction, occurrence, or
series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).[1]  Plaintiff argues that under Rule 20(a)(2), joinder is proper because the

question of whether plaintiff was in the course and scope of his employment is a question

common to his claim against defendant and to his claim against Warrenton Fiber.

I disagree.  Under Rule 20(a)(2), plaintiff must show first, that the right to relief he asserts

---

[1]  Plaintiff attached a proposed Third Party Complaint against Warrenton Fiber to his
motion.  Because it contains only the claim against Warrenton Fiber, it does not disclose whether
plaintiff views his right to relief against Warrenton Fiber as joint to defendant, several to
defendant, or alternative to his right to relief against defendant.  Plaintiff's Reply Memorandum
indicates that he views the claims in the alternative.

against Warrenton Fiber arose from the same transaction or occurrence as his claim against defendant, and second, that a question of law or fact is common to both defendants. Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980).

The claims do not arise from the same transaction or occurrence. Plaintiff's claim against defendant is a statutory insurance claim. He seeks to recover a judgment obtained against Baller under an Oregon statute allowing him to pursue the claim against Baller's insurer. The relevant issue in the claim is whether the insurance policies apply. The proposed claim against Warrenton Fiber is a wage claim for 1,000 hours of alleged unpaid travel time.

Aside from the fact that plaintiff was apparently not being paid by Warrenton Fiber at the time of the accident while he was being transported by a co-worker in a company-owned vehicle to a job site, there is no overlap between plaintiff's claim against defendant and his claim against Warrenton Fiber for hundreds of hours of alleged unpaid wages. One claim involves the liability of the employer's insurer to pay for injuries suffered by an employee; the other involves the liability of the employer for unpaid wages. These are distinct theories of liability for completely separate legal interests. Plaintiff fails to satisfy Rule 20(a)(2)'s first requirement.

Additionally, the claims do not have a common question of law or fact. As indicated above, the application of the fellow employee exclusion involves the interpretation of language contained in the two insurance policies under which Warrenton Fiber and Baller are "insureds." For the commercial vehicle policy, the question is whether plaintiff's bodily injury arose out of and in the course of his employment. For the umbrella policy, it is whether plaintiff was injured in the "course of" his employment.

Neither policy uses the phrase "in the course and scope of his employment" which

plaintiff presents as the common question in the claims.  However, assuming that phrase is equivalent to the language in the policies, the "in the course and scope" language is <u>not</u> the standard used to assess whether plaintiff was owed wages for his travel time under Oregon law.

Plaintiff does not identify the basis for his wage claim against Warrenton Fiber, other than to state that he is entitled to attorney's fees under O.R.S. 652.200 or O.R.S. 653.055.  O.R.S. 652.200(2) does not create a wage claim, but only allows for attorney's fees in any action for the collection of wages if it is shown that the wages were not paid for a period of forty-eight hours after they became due and payable.  O.R.S. 652.200(2).

O.R.S. 653.055 provides that an employer who pays an employee less than the wages to which the employee is entitled under O.R.S. 653.010 to 653.261, is liable for the wages owed, civil penalties under O.R.S. 652.150, and attorney's fees.  Thus, plaintiff must establish that he is entitled to wages under the cited statues which govern the payment of minimum wages in Oregon.  Under O.R.S. 653.025, employers must pay their employees a certain minimum wage "for each hour of time that the employee is gainfully employed[.]"  <u>Id.</u>  "Wages" is the "compensation due to an employee by reason of employment[.]"  O.R.S. 653.010(10).  "'Employ' includes to suffer or permit to work[.]"  O.R.S. 653.010(2).

Based on the plain language of the statutes, the operative test in plaintiff's wage claim against Warrenton Fiber is not whether he was in the course and scope of his employment while being transported to the job site, but whether he was suffered or permitted to work during that time.  <u>Gafur v. Legacy Good Samaritan Hosp. & Med. Ctr.</u>, 344 Or. 525, 530, 185 P.3d 446, 459 (2008) (en banc) ("Under ORS 653.055 . . . the extent to which an employee is 'entitled' to wages depends on whether and for how long he or she was suffered or permitted to 'work'"); <u>see</u>

also Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1288 (10th Cir. 2006) (in determining whether federal Fair Labor Standards Act required employees to be compensated for mandatory carpooling to travel to remote work drill sites, issue was whether time was an "integral and indispensable part of their principal activities").[2]

Plaintiff fails to establish the second requirement for permissive joinder under Rule 20(a)(2) because his wage claim and his statutory insurance claim do not share a common question of law or fact.

Finally, I agree with defendant that under 28 U.S.C. § 1447(e), permissive joinder of Warrenton Fiber should be denied. Under section 1447(e), if a plaintiff, after removal of the case to federal court by defendant, "seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Plaintiff and Warrenton Fiber are both citizens of Oregon, and thus, joinder of Warrenton Fiber would destroy diversity jurisdiction and require a remand back to state court. The court has discretion whether to permit joinder of a party that will destroy diversity jurisdiction. Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

In determining whether to permit or refuse joinder that would destroy diversity, courts have considered the following factors: (1) whether the would-be defendants are necessary for just adjudication of the controversy; (2) whether the plaintiff still could bring an action in state court against the putative defendants; (3) whether there has been any unexplained delay in

---

[2]  Although no federal wage claim is pleaded in the proposed "Third Party Complaint" plaintiff attaches to the motion, Smith shows that whether the wage claim is considered under Oregon or federal law, the determinative question is not whether the employee was in the course and scope of employment.

7 - OPINION & ORDER

joinder; (4) whether it appears the plaintiff is seeking to destroy diversity; (5) the apparent merit

of the claims against the new parties; and (6) whether plaintiff would suffer prejudice without the

joinder of the defendants.  Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (S.D. Cal.

2000)

        Warrenton Fiber is not a necessary party.  Plaintiff can still bring a claim against

Warrenton Fiber for the wages he seeks as the statute of limitations has not expired.  Other than

noting that defendant raised many affirmative defenses, plaintiff fails to explain why he waited

until the filing of defendant's summary judgment motion to seek joinder.  Defendant alerted

plaintiff's counsel in March 2011 that it would deny coverage based on the fellow employee

exclusion in the policies.  Plaintiff could have sought to join Warrenton Fiber at the inception of

the case.  On the present record, I cannot conclude that plaintiff's sole motive in seeking to add

Warrenton Fiber is to destroy diversity, nor can I assess the validity of plaintiff's claim against

Warrenton Fiber.  Plaintiff would suffer no prejudice if Warrenton Fiber were not joined in this

case.  Finally, given that discovery has closed and dispositive motions are pending, allowing

Warrenton Fiber to be joined and remanding the case to state court would be disruptive to the

case.  The relevant factors under section 1447(e) weigh in favor of denying plaintiff's motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

8 - OPINION & ORDER

CONCLUSION

Plaintiff's motion to join Warrenton Fiber [#24] is denied.

IT IS SO ORDERED.

Dated this __9th__ day of _February_____, 2012

_/s/ Marco A. Hernandez_____
Marco A. Hernandez
United States District Judge

9 - OPINION & ORDER